# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs February 10, 2004

## STATE OF TENNESSEE v. LATASHA AKINS

**Direct Appeal from the Circuit Court for Dyer County**
**No. C02-350     R. Lee Moore, Jr., Judge**

---

**No. W2003-01178-CCA-R3-CD  - Filed March 3, 2004**

---

The Defendant, Latasha Atkins, appeals her jury conviction for possession of cocaine with intent to sell, contending the evidence is insufficient to support her conviction.  We disagree and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and  JOHN EVERETT WILLIAMS, JJ., joined.

Thomas H. Strawn, Dyersburg, Tennessee, for the appellant, Latasha Akins.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen W. Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I.  Facts

On the afternoon of April 6, 2002, Officer Chris Gorman of the Dyersburg Police Department responded to a disturbance at the Q-Mart in Dyersburg, Tennessee.  Officer Gorman testified that when he arrived, he observed the Defendant near the car wash bays, "yelling and screaming to the top of her lungs . . . flailing her arms around," directing profanity and gestures toward Marcus Kelly. Officer Gorman repeatedly directed the Defendant to stop.  The Defendant failed to follow his instructions and began cursing him.  Officer Gorman arrested the Defendant for disorderly conduct. Gorman stated the Defendant ignored his verbal commands and actively resisted him as he attempted to apply handcuffs.  After the officer put one of the Defendant's hands in the handcuffs, the Defendant handed her purse to Leonard Safford who then went into the Q-Mart. Officer Gorman stated Safford was gone with the Defendant's purse for "one to two minutes,"  exited the store, and attempted to leave the scene in his own vehicle.  The police then demanded that he return the

Defendant's purse. According to Officer Gorman, when the Defendant saw that the officer had her purse, she yelled, "You can't look in my purse."

Safford testified the Defendant gave him her purse and asked him to give it to her mother. He stated that after being handed the purse, he entered the Q-Mart to get change to make a phone call. Safford testified he was inside the store for "maybe thirty seconds" prior to using the pay phone outside. He stated he did not look in the purse, and he used his own money to place the call. Unable to reach anyone by phone, Safford had begun walking to his car when Officer Gorman noticed him and took possession of the Defendant's purse. Safford denied putting either money or drugs into the Defendant's purse.

Officer Johnny Garner testified at trial that he arrived on the scene as Officer Gorman was attempting to restrain and handcuff the Defendant. Officer Garner testified the Defendant warned the officers not to look in her purse. He stated that upon opening the Defendant's purse, he observed "wads of money that were rolled up" and what appeared to be narcotics.

Officer Gorman testified an inventory of the Defendant's purse revealed two bags of marijuana, four bags of crack cocaine, over $6,600 in currency, thirteen clear plastic baggies, a single-edged razor blade, a state-issued child support check payable to the Defendant, and other items. Gorman recounted that the bags of drugs were scattered throughout the purse. "[W]e would pull out some money, and then we'd find another bag, and pull out some more money, and find another bag." Officer Gorman testified the bags of drugs were processed in accordance with police procedure and logged into evidence.

Forensic scientist Kay Sheriff testified the drugs were tested and found to be 6.8 grams of marijuana and 56.1 grams of crack cocaine.

Marcus Kelly, the Defendant's ex-husband, testified that just prior to the arrival of the police at the Q-Mart, the Defendant had opened her purse and shown him a child support check. Kelly recalled seeing some money in the top part of the purse, but denied seeing any evidence of contraband. Kelly stated, however, that he "wasn't really trying to look down in the purse."

The Defendant testified the drugs found inside her purse did not belong to her. Further, the Defendant stated she did not know how the $6,600 got inside her purse. The Defendant denied that either the money or the drugs were inside her purse when she handed it to Leonard Safford.

The Defendant was convicted of possession of over 0.5 grams of cocaine with intent to sell or deliver. The Defendant was also convicted of disorderly conduct and resisting arrest; however, she does not challenge the latter two convictions on appeal. The Defendant was not indicted on a marijuana charge.

## II. Analysis

The Defendant contends the evidence is insufficient to prove guilt beyond a reasonable doubt on the cocaine charge. Specifically, the Defendant argues that the chain of custody was deficient

with respect to the purse in which the contraband was found. The Defendant contends that in the moments just prior to the seizure, the Defendant's purse was out of the possession and control of both the Defendant and the police. The Defendant argues that such loss of control renders the evidence found in the purse suspect.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id. Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Although the Defendant contends the state failed to establish the chain of custody, her argument is misplaced. The purpose of the chain of custody requirement is to show "no tampering, loss, substitution, or mistake with respect to the evidence." State v. Scott, 33 S.W.3d 746, 760 (Tenn. 2000) (quoting State v. Braden, 867 S.W.2d 750, 759 (Tenn. Crim. App. 1993)). The period of time during which custody must be shown generally runs from the time the evidence was obtained until its introduction at trial. See N. Cohen, et al., *Tennessee Law of Evidence* § 9.01[13][e] (4th ed. 2000) (citations omitted). Here, the authorities did not take custody of the purse and drugs until they were secured from Safford. The state properly established the chain of custody from that point forward.

Whether the Defendant knew the drugs were in her purse, and thus possessed the drugs, was a question of fact for the jury. In the instant case, the verdict of guilty indicates the jury resolved all credibility issues against the Defendant. The Defendant admits giving the purse to Safford. Officer Gorman testified that Safford was in possession of the Defendant's purse for a short time, and Safford denied putting anything inside the Defendant's purse. When the officers began to search the Defendant's purse for identification, she responded, "You can't look in my purse." Having reasonably determined that the 56.1 grams of cocaine belonged to and was possessed by the Defendant, the jury could also reasonably infer, based upon the amount of cocaine along with the other facts surrounding the arrest, that the cocaine was possessed with the intent to sell or deliver. See Tenn. Code Ann. §§ 39-17-417(a)(4), -419.

The Defendant has failed to carry her burden of demonstrating that no rational trier of fact could find her guilty based upon the evidence adduced at trial. The judgment of the trial court is, therefore, affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE